UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NANCY DIELLO,

                         Plaintiff,

                                                             DECISION AND ORDER

                                                              08-CV-6165L

                  v.

JOHN E. POTTER,
Postmaster General,
UNITED STATES POSTAL SERVICE,

                        Defendant.
_____

Plaintiff Nancy Diello ("Diello") brings this action against her employer, John E. Potter, Postmaster General of the United States Postal Service ("USPS"), alleging that the USPS denied her a promotion on the basis of age and/or retaliated against her for filing administrative complaints, all in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621 et seq. ("ADEA"). Discovery is now completed and the USPS moves for summary judgment dismissing the Diello's claims (Dkt. #15). For the reasons that follow, the USPS's motion for summary judgment is granted, and the complaint is dismissed.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was initially hired by the USPS in 1979. Between 1996 and 2000, Diello filed five separate EEOC charges against the USPS. On April 2, 2005, Diello was promoted to the position of Postmaster, level EAS-18, at the Newfield, New York Post Office.

On February 27, 2007, a vacancy announcement was posted for the position of Postmaster, EAS-20, in the Corning, New York Post Office. Diello, then age forty-nine, applied for the position, as did Postmaster Thomas King (age 36, level EAS-16), Postmaster Daniel Leonard (approximately age 45, level EAS-18), and Postmaster Eileen Bernitt (age 54, level EAS-18).

The individual responsible for filling the Corning Postmaster position was Joseph Kusiak, Manager of Post Office Operations for USPS's Western New York District. Kusiak was 54 years old at the time. Kusiak testified that after reviewing the USPS selection guidelines and considering each of the applicants' interviews, application materials, experience and recent performance, he determined that King was the applicant who was best qualified for the position. Diello denies that King was the best applicant, and contends that her superior number of years of experience with the USPS (28 years, compared with King's thirteen years) should have been determinative.

After pursuing a complaint of age-related discrimination arising out of her non-promotion with the Equal Employment Opportunity Commission ("EEOC") and otherwise exhausting her administrative remedies, Diello timely filed the instant action on April 11, 2008.

## DISCUSSION

**I. Summary Judgment in Discrimination Cases**

Summary judgment will be granted if the record demonstrates that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). Although courts are appropriately wary of granting summary judgment in cases where motive, intent or state of mind are at issue, a common component of discrimination actions, *see Dister v.*

*Cont'l Group, Inc.*, 859 F.2d 1108, 1114 (2d Cir. 1988); *Montana v. First Federal Savings and Loan Ass'n of Rochester*, 869 F.2d 100, 103 (2d Cir. 1989), "the salutary purposes of summary judgment – avoiding protracted, expensive and harassing trials – apply no less to discrimination cases than to... other areas of litigation." *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir.1985).

Diello's claims of employment discrimination are subject to the burden-shifting analysis articulated in *McDonnell-Douglas Corp. v. Green*, 411 U.S. 792 (1973). First, Diello must establish a *prima facie* case of discrimination by demonstrating: (1) membership in a protected class; (2) satisfactory job performance; and (3) an adverse employment action, occurring under (4) circumstances giving rise to an inference of discrimination. *See Collins v. New York City Transit Authority*, 305 F.3d 113, 118 (2d Cir. 2002). In the age discrimination context, such circumstances include those where a plaintiff was "fired in favor of the retention of younger persons or was fired and replaced by younger persons." *Pirone v. Home Ins. Co.*, 559 F. Supp. 306, 309-310 (S.D.N.Y.), *aff'd*, 742 F.2d 1430 (2d Cir. 1983). Once Diello has established a *prima facie* case of discrimination, the burden shifts to the USPS to articulate a legitimate, nondiscriminatory reason for its actions. *See James v. New York Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000). The burden then returns to Diello, to supply evidence that the legitimate, nondiscriminatory reason offered by the USPS is a pretext, and that the true reason for its actions was discriminatory. *See St. Mary's Honor Center*, 509 U.S. 502, 508 (1993).

While granting Diello the liberal interpretation and favorable inferences due to her as the nonmovant, I find that she was failed to establish a *prima facie* case of retaliation, and with

respect to her discrimination and retaliation claims, cannot rebut the USPS's legitimate, nondiscriminatory reason for selecting a different candidate for the Corning Postmaster position.

## II. Diello's "Discriminatory Failure to Promote" Claim

A plaintiff alleging an adverse employment action based on age-based discrimination must initially show: (1) that she is within the protected class; (2) that she is qualified for the position for which she applied; (3) that she was not awarded the position; and (4) that a younger individual was instead selected. *See generally Owens v. New York City Housing Auth.*, 934 F.2d 405, 408-409 (2d Cir. 1991). Once the *prima facie* showing is made, the employer bears the burden of demonstrating legitimate non-discriminatory reasons for the discharge. If the employer is able to demonstrate such reasons, the burden again shifts to the employee to show that the articulated reason is pretextual. I find that Diello has sufficiently demonstrated that she was qualified for the Postmaster position, and that another, younger individual was selected. As such, she has sufficiently established her *prima facie* case, and the burden shifts to the USPS to articulate a legitimate nondiscriminatory reason for declining to promote her.

The USPS has met this burden. The USPS contends, and Kusiak testified, that in choosing King instead of Diello, Kusiak relied upon assessments of the candidate's previous supervisors, as well as their responses to interview questions. Specifically, Diello's former supervisor, Katherine Dunshie, told Kusiak that she had been dissatisfied with Diello's performance as an officer-in-charge ("OIC") of the Lockport Post Office. In contrast, King's former supervisor gave a thoroughly positive assessment of his performance. Kusiak also found that when asked an interview question about operational efficiency, Diello had difficulty

understanding or answering the question, whereas King gave a satisfactory response. Candidates' performance at job interviews and feedback from previous supervisors are both legitimate bases upon which to make promotion decisions, and courts and juries do not operate as "super-personnel department[s]" to question a company's staffing decisions. *Scaria v. Rubin*, 117 F.3d 652, 655 (2d Cir. 1997). *See also Boyer v. Riverhead Central Sch. Dist.*, 343 Fed. Appx. 740, 741 (2d Cir. 2009) (superior performance at job interview constitutes a legitimate, non-discriminatory reason for choosing one applicant over another and shifts burden to plaintiff to demonstrate pretext); *Byrnie v. Town of Cromwell*, 243 F.3d 93, 101 (2d Cir. 2001) (same). Because the USPS has articulated a legitimate, non-discriminatory basis for its promotion decision, the burden returns to Diello to show that the selection of King instead of Diello for the Corning Postmaster position was pretextual.

In attempting to prove pretext, Diello does not challenge or contradict Kusiak's testimony concerning her interview, the negative description of her recent performance that Kusiak was given by a former supervisor, or Kusiak's positive assessment of King's qualifications. Instead, Diello relies solely upon the fact that King had less experience than she, which she contends conclusively proves – or at least raises a factual question – that she was the most qualified candidate. However, Diello provides no evidence to suggest that increased experience was required for the position, or that the USPS typically awards such positions based upon seniority, rather than upon an employee's prior performance and conduct during a job interview, the criteria identified by Kusiak as the primary ones by which he measured plaintiff and the other candidates.

Additionally, the fact that Kusiak was also over the age of forty, and was in fact, older

than Diello, further suggests that his actions were not motivated by discrimination. *See e.g.*, *Grady v. Affiliated Cent., Inc.,* 130 F.3d 553, 560 (2d Cir. 1997)(discrimination an unlikely motive where the person who made the complained-of employment decision is in the same protected class as plaintiff); *Zuffante v. Elderplan, Inc.*, 2004 U.S. Dist. LEXIS 5425 at *19 (same).

Accordingly, I find that Diello has failed to rebut the USPS's legitimate, nondiscriminatory reasons for selecting King – King's positive interview and performance record, contrasted with Diello's negative review by a former supervisor and inadequate response to an interview question. Her discriminatory discharge claim must therefore be dismissed.

## III. Diello's Retaliation Claims

Retaliation claims are also analyzed using the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas*, 411 U.S. 792. On a motion for summary judgment, the plaintiff must first establish a *prima facie* case of retaliation. Once the plaintiff has done so, the burden shifts to the defendant to establish a legitimate, non-retaliatory basis for the complained-of action. If the defendant does so, the burden returns to plaintiff, who must show that the legitimate, non-retaliatory reason articulated by the defendant is a mere "pretext," and that retaliation was more likely than not the reason for the complained-of action. *See Schnabel v. Abramson*, 232 F.3d 83, 90 (2d Cir. 2000); *Gallagher v. Delaney*, 139 F.3d 338, 349 (2d Cir. 1998).

A plaintiff makes out a *prima facie* case of retaliation by showing: (1) his participation in a protected activity known to the defendant; (2) an employment action disadvantaging the

plaintiff; and (3) a causal connection between the protected activity and the adverse employment action. *Id.*

Here, Diello alleges that her non-selection for the Corning Postmaster position was the result of retaliation for five EEOC charges that she filed against the USPS between 1996 and 2000.

Initially, the lengthy time period between Diello's protected activity and the alleged retaliation – more than seven years – does not suggest a causal connection. *See e.g.*, *Altieri v. Albany Public Library*, 172 Fed. Appx. 331, (2d Cir. 2006) (nearly two year gap between protected activity and alleged retaliatory conduct does not suggest a causal connection); *Richardson v. New York State Dep't of Correctional Servs.*, 180 F.3d 426, 447 (2d Cir. 1999) (two year lapse is insufficient to infer a causal connection).

In any event, even if Diello were able to successfully establish her *prima facie* case simply by relying on the temporal proximity between her 1996-2000 EEOC charges and her non-promotion in 2007, it is well-settled that temporal proximity alone is insufficient to overcome an employer's legitimate, nondiscriminatory reason for its actions: here, Diello's inadequate interview and report of unsatisfactory performance from a former supervisor, neither of which are disputed by Diello. *See Simpson v. New York State Dep't of Civil Servs.*, 166 Fed. Appx. 500, 502 (2d Cir. 2006) (even where *prima facie* case can be established through temporal proximity, "without more, such temporal proximity is insufficient to satisfy [plaintiff's] burden to bring forward some evidence of pretext"); *Richter v. Monroe County Dep't of Soc. Serv.*, 2005 U.S. Dist. LEXIS 5800 at *43 (W.D.N.Y. 2005) ("[t]emporal proximity alone is insufficient to

carry plaintiff's burden of proof beyond the *prima facie* stage, and nothing she has submitted shows that she will be able to persuade a fact-finder that the retaliation played a part in her termination"). *See also Lomotey v. Conn.-DOT*, 2009 U.S. App. LEXIS 26345 at *7 (2d Cir. 2009) (poor performance in interview is a legitimate, non-retaliatory reason for non-promotion).

Accordingly, Diello has failed to establish a *prima facie* case of retaliation, and her retaliation claim must be dismissed.

## CONCLUSION

For the foregoing reasons, the USPS's motion for summary judgment (Dkt. #15) is granted and the complaint is dismissed in its entirety, with prejudice.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
      March 16, 2010.